# Settlement Agreement Ex. C

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GLORIA ARTHUR, on behalf of herself and all others similarly situated, | **Civil Action No. 09-7332** |
| Plaintiff, | Judge Carl J. Barbier<br>Mag. Joseph C. Wilkinson, Jr. |
| v. | |
| THE STANDARD FIRE INSURANCE COMPANY and THE TRAVELERS INDEMNITY COMPANY, | |
| Defendants. | |

## [PROPOSED] PRELIMINARY APPROVAL AND NOTICE ORDER

WHEREAS, this matter has come before the Court pursuant to a Joint Motion Seeking Entry of the Preliminary Approval Order (the "Joint Motion");

WHEREAS, the Court finds that it has jurisdiction over this Action and each of the Parties for purposes of settlement and that venue is proper in this district;

WHEREAS, the Court has considered the Joint Motion, the Amended Settlement Agreement and Release and exhibits thereto (the "Agreement") providing for the settlement of this case (the "Settlement"), and all other documentary evidence submitted concerning the Joint Motion; and

WHEREAS, the Court has conducted a preliminary approval hearing on _____, 2012 and is otherwise fully advised in the premises and on considering the record of these proceedings, the representations, argument, and recommendation of counsel for the Parties, and the requirements of law.

**IT IS HEREBY ORDERED THAT:**

## I.      PRELIMINARY APPROVAL OF THE AGREEMENT

The terms of the Agreement (annexed hereto as Exhibit A) are preliminarily approved,

subject to further consideration thereof at the Fairness Hearing provided for below.  Unless

otherwise provided herein, the terms defined in the Agreement shall have the same meaning in

this Order.  The Agreement was entered into at arms-length by experienced counsel and only after

extensive arms-length negotiations.  It is not the result of collusion, and it bears a probable,

reasonable relationship to the claims alleged by Plaintiffs and the litigation risks of Plaintiffs as

well as Travelers.  The Agreement terms are sufficiently within the range of reasonableness so

that notice of the Settlement should be given as provided by this Order.

## II.     PRELIMINARY CERTIFICATION OF THE CLASS

The following Class is preliminarily certified for Settlement purposes only, in accordance

with Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure:

> All persons, who sustained any loss or damage of any kind, arising in any way out
> of damage, destruction, or harm to property in the State of Louisiana related in
> any way to Hurricanes Katrina and/or Rita, and who, at the time of the loss, had
> any rights under a policy of insurance from Travelers.  Loss or damage includes
> but is not limited to: (1) loss or damage to real or personal property; (2) the
> incurring of additional living or business expenses; or (3) the loss of any business
> or other income.  The class excludes all persons, including the State of Louisiana
> as plaintiff in the Road Home Litigation, who have a suit pending against
> Travelers as of the date of the Preliminary Approval Order related in any way to
> losses stemming from Hurricanes Katrina and/or Rita.  The class also excludes
> class counsel, members of the judiciary, their administrative staff and any other
> personnel who may cause a member of the Louisiana bench to be unable to
> preside over this action.

The Court is exercising its discretion and preliminarily certifying the Class for Settlement

purposes only and has not determined whether the Action could properly be maintained as a class

action on behalf of the Class for purposes of trial.  The Court recognizes that Travelers has

reserved all its defenses and objections and rights to oppose certification of a class if the Class is

not certified for Settlement purposes, the Settlement is not finally approved by the Court following the Fairness Hearing, and/or if the Agreement is terminated for any reason.

### III.   APPROVAL OF SETTLEMENT CLASS REPRESENTATIVE AND SETTLEMENT CLASS COUNSEL

The nomination by Settlement Class Counsel of the following person to serve as provisional Settlement Class Representative is hereby approved:  Gloria Arthur.

The following are hereby approved as Settlement Class Counsel:  Calvin C. Fayard Jr., N. Frank Elliot III, Frank C. Dudenhefer, Wanda Edwards, and Joseph M. Bruno.

### IV.   NOTICE TO CLASS AND CLAIM FORM

The Court directs Settlement Class Counsel or their designated Claims Administrator to provide notice to the Class in the form of the detailed Settlement Notice attached hereto as Exhibit B.  Travelers shall provide names and addresses for all Class Members within 14 days of the date when this Order is entered.  Notice to Class Members will be given by direct mail.  The Claims Administrator will perform skip tracing on all returned notices to attempt to locate a current address and will re-mail notices to all Class Members whose notices were returned for improper address and for whom the Claims Administrator is able to locate a current address.

Settlement Class Counsel or their designated Claims Administrator shall also provide summary notice to Class Members by publication in the form attached hereto as Exhibit C.  The published notice plan is described in Exhibit D.

Settlement Class Counsel or the Claims Administrator are further directed to create a website providing notice to all Class Members.  In addition, all Class Members shall be directed to review a copy of the detailed Settlement Notice in the form attached hereto as Exhibit B which Settlement Class Counsel or the Claims Administrator will publish on the website and mail to any Class Member upon request.

Notice shall be completed within 100 days following entry of this Order.

The Court finds that the mailing and publication described in this section ("Class Notice") constitutes the best notice practicable under the circumstances, and is due and sufficient notice to the Class, and the Class Notice fully satisfies the requirements of due process and Rule 23(c)(2)(B).

The Court further finds that the claim form annexed hereto as Exhibit E is appropriate for use in allowing Class Members who do not receive the detailed Settlement Notice by mail to receive their share of the Settlement Funds and that all claim forms must be postmarked no later than 45 days after the last notice is given, whether by mail or by publication

## V.    NOTICE REQUIRED BY 28 U.S.C. § 1715(a)

The Court finds that the form, content, and manner of service of notice required by 28 U.S.C. § 1715 on the Attorney General of the United States, which this Court finds to be the "appropriate Federal official," and the regulator of insurance of each State and the Louisiana Attorney General, which the Court finds to be the "appropriate State Official[s]," complies with applicable law, including specifically the requirements of 28 U.S.C. § 1715. Such notice is attached hereto as Exhibit F.

## VI.    OPT OUT PROVISION

Class Members are permitted to opt out of the Settlement via an opt-out procedure. In order to opt out of the Settlement, Class Members must submit a letter requesting exclusion to the Claims Administrator postmarked no later than 45 days after the last notice is provided, whether by mail or by publication. The request must be signed and must include the class member's name, address, and policy number. The request must also state: "I/we request that I/we be excluded from the Settlement in *Arthur v. Travelers*, Case No. 09-7332." Travelers has the right to rescind the Settlement in accordance with the parameters specified in the Agreement.

## VII.   RESPONSE TO COMPLAINT

Travelers shall not be required to file an Answer to the Complaint in this Action.  The deadline for Travelers to respond to the Complaint is extended indefinitely pending the outcome of the Settlement approval process.  The Settlement Class Representative has agreed to dismiss the Complaint without prejudice if the Agreement is terminated for any reason.

## VIII.   FINAL APPROVAL HEARING

The Court hereby schedules a Final Approval Hearing to determine whether there exists any reasonable basis why the Settlement should not be approved as being fair, reasonable, and adequate, and in the best interests of the Class and why judgment should not be entered thereon. The Court also will determine the amount of attorneys' fees and expenses to be paid to Settlement Class Counsel.  The hearing will take place on _____, 2013, at _____ a.m.  The Final Approval Hearing may, from time to time, without further notice to the Class, be continued or adjourned by Order of the Court.  However, the Final Approval Hearing will not take place less than six months after the date of this Order to allow time for the notice, claims, opt out and objections procedures set forth herein.

Any Settlement Class Member who objects to the Settlement may appear in person or through counsel, at his or her own expense, at the Final Approval Hearing (or at such other time as may be directed by the Court) to present any evidence or argument that may be proper and relevant.  However, no such person shall be heard and no papers, briefs, pleadings, or other documents submitted by any person shall be received and considered by the Court unless no later than 30 days before the date of the Final Approval Hearing, such person files a written objection with the Court and serves a copy of the written objection on Settlement Class Counsel and Travelers' Counsel.  Any person who fails to object in the manner prescribed herein shall be

deemed to have waived his or her objections and forever be barred from making any such objections in this action.

## IX.   TERMINATION

If the Agreement is terminated, (a) that Agreement shall have no effect on the rights of the Parties or the Class Members to prosecute or defend any other action, and (b) subject expressly to the reservation and preservation of rights and defenses and all Parties and Class Members shall be restored to their respective positions immediately prior to the date the Parties signed the Agreement. In such event, the Agreement and all negotiations, proceedings, documents prepared and statements made in connection herewith shall be without prejudice to the Parties, and shall not be deemed or construed to be an admission or confession by or against any Party of any fact, matter, or proposition of law.

The Agreement, the evidence introduced at the preliminary hearing on the Joint Motion, or that may be introduced into evidence at the Final Approval Hearing, or in connection with any related motion, and all negotiations, proceedings, documents prepared and statements made in connection herewith, shall be without prejudice to Plaintiffs and Travelers, and shall not (i) be deemed or construed to be an admission or confession by or against any Party of any fact, matter, or proposition of law; (ii) constitute, be construed as, or be admissible as evidence of an admission by or against any Person, including any Party or Class Member, that this Action or any other proposed or certified class action, can be or is properly certified for trial or litigation purposes under Article 591, *et seq.*, of the Louisiana Code of Civil Procedure, Rule 23 of the Federal Rules of Civil Procedure, or any similar statute or rule; (iii) constitute, be construed, be offered, or received into evidence as an admission of the validity of any claim or defense, or the truth of any fact alleged or other allegation in the Action, or in any other pending or subsequently filed action, or of any wrongdoing, fault, violation of law, or liability of any kind on the part of

Travelers, or (iv) be used to establish a waiver of any defense or right, or to establish or contest jurisdiction or venue.

## X.    MODIFICATIONS

Prior to the entry of the Final Approval Order and Judgment, the Agreement may, with approval of the Court, be modified by written agreement of Settlement Class Counsel and Travelers' Counsel in their discretion without giving any additional notice to the Class (other than the Settlement Notice), provided that such modifications are not materially adverse to the Class.


DATED:

This ___ day of _____, 2012


                                              _____
                                              Honorable Carl J. Barbier
                                              United States District Court

la-1188159

# Settlement Agreement Ex. D

## LEGAL NOTICE BY ORDER OF THE COURT

**IF YOU SUSTAINED ANY LOSS OR DAMAGE ARISING OUT OF DAMAGE, DESTRUCTION OR HARM TO PROPERTY IN LOUISIANA RELATED TO HURRICANES KATRINA AND/OR RITA,**

**AND, AT THE TIME OF THE LOSS, HAD ANY RIGHTS UNDER A POLICY OF INSURANCE FROM A TRAVELERS COMPANY**

**YOU MAY BE ENTITLED TO BENEFITS FROM A PROPOSED CLASS ACTION SETTLEMENT**

*A federal court authorized this notice.*
*This is not a solicitation from a lawyer.*

A settlement has been proposed in a class action lawsuit against certain property casualty affiliates of The Travelers Companies, Inc. ("Travelers"), as described more specifically below, regarding Travelers' handling of claims arising out of Hurricanes Katrina and Rita.  The lawsuit alleges that Travelers mishandled claims, thereby allegedly causing Class Members to receive fewer benefits than those to which they were entitled.  Travelers denies all claims and liability stated in the Complaint.

The proposed settlement will provide benefits to persons who had or may have had rights under a Travelers policy in effect at the time of the Hurricanes Katrina and/or Rita.  If this notice is addressed to you, Travelers' records show that you may be a Class Member.

Your legal rights are affected whether or not you respond.  **Your rights and options – and the deadlines to exercise them – are explained in this notice.** *Read this notice carefully.*

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS PROPOSED SETTLEMENT: | |
|---|---|
| **REMAIN IN THE CLASS** | Class Members who wish to stay in the Class do not need to do anything.  If you are a Class Member and the proposed settlement is approved, you will not be able to sue Travelers for the claims asserted in this lawsuit, and you will be bound by the Court's decisions concerning the settlement. |
| **EXCLUDE YOURSELF FROM THE CLASS** | Class Members who do not want to be in the Class can write and ask to get out of the Class.  If you are a Class Member, this is the only option that allows you to be part of any other lawsuit against Travelers that asserts the legal claims in this case. |
| **OBJECT** | Write to the Court about why you don't think the proposed settlement is fair, reasonable and adequate. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the proposed settlement. |

The Court still must decide whether to approve the proposed settlement.  Benefits may only be provided if the Court approves the proposed settlement and after appeals are resolved.  Please be patient.

1

## BASIC INFORMATION

**1.    WHAT IS THIS LAWSUIT ABOUT?**

The lawsuit alleges that Travelers mishandled claims arising out of Hurricanes Katrina and Rita, thereby allegedly causing Class Members to receive fewer benefits than those to which they were entitled.

Travelers denies all allegations of wrongdoing and contends that it fully complied with the law.

**2.    WHY IS THERE A PROPOSED SETTLEMENT?**

The Court did not decide in favor of the Settlement Class Representative or Travelers. Instead both sides agreed to a proposed settlement. Settlements avoid the costs and uncertainty of a trial and related appeals, while providing benefits to Class Members. The Settlement Class Representative and the Settlement Class Counsel think the settlement is best for all Class Members. The Court in charge of the lawsuit has granted preliminary approval of this proposed settlement and has ordered this notice be mailed to explain it.

### WHO IS AFFECTED BY THE PROPOSED SETTLEMENT?

**3.    HOW DO I KNOW IF I AM AFFECTED BY THE PROPOSED SETTLEMENT?**

You are a Class Member and are affected by the proposed settlement if: (1) you sustained any loss or damage of any kind arising in any way out of damage, destruction, or harm to property in the State of Louisiana; (2) such loss or damage was related to Hurricanes Katrina and/or Rita; and (3) at that time you had any rights under an insurance policy issued by Travelers.

You are not a Class Member if you had your own lawsuit pending against Travelers as of [date of preliminary approval order].

If you are a Class Member, you are automatically included in the proposed settlement. Class Members for whom Travelers does not have current addresses may complete a claim form in order to recover a portion of the Settlement Funds. If you did not receive notice by mail, you must fill out a claim form available at [website address] and mail it so that it is postmarked by [45 days after final notice] to share in the distribution. You can exclude yourself from the proposed settlement and release of legal claims by making a valid request for exclusion that is received by the Claims Administrator by _____, 2013.

The Travelers companies covered by this settlement include the following companies: The Travelers Indemnity Company; The Charter Oak Fire Insurance Company; The Phoenix Insurance Company; The Travelers Indemnity Company of Connecticut; The Travelers Indemnity Company of America; Travelers Property Casualty Company of America; The Travelers Home and Marine Insurance Company; TravCo Insurance Company; Nipponkoa Insurance Company, Limited (U.S. Branch); Travelers Commercial Casualty Company; Travelers Casualty and Surety Company; The Standard Fire Insurance Company; The Automobile Insurance Company of Hartford, Connecticut; Travelers Casualty Insurance Company of America; Farmington Casualty Company; Travelers Casualty and Surety Company of America; Travelers Commercial Insurance Company; Travelers Casualty Company of Connecticut; Travelers Property Casualty Insurance Company; Select Insurance Company; Gulf Underwriters Insurance Company; Gulf Insurance Company; Commercial Guaranty Insurance Company; Travelers Excess and Surplus Lines Company; Athena Assurance Company; Discover Property & Casualty Insurance Company; Discover Specialty Insurance Company; Fidelity and Guaranty Insurance Company; Fidelity and Guaranty Insurance Underwriters, Inc.; Northland Casualty Company; Northland Insurance Company; St. Paul Insurance Company; St.

Paul Fire and Marine Insurance Company; St. Paul Guardian Insurance Company; St. Paul Medical Liability Insurance Company; St. Paul Mercury Insurance Company; St. Paul Protective Insurance Company; United States Fidelity and Guaranty Company; American Equity Insurance Company; American Equity Specialty Insurance Company; Discover Specialty Insurance Company; Northfield Insurance Company; GeoVera Insurance Company; Seaboard Surety Company; American Continental Insurance Company; Atlantic Insurance Company; Titan Indemnity Company; USF&G Specialty Insurance Company; St. Paul Surplus Lines Insurance Company; St. Paul Fire and Casualty Insurance Company ; First Floridian Auto and Home Insurance Company; First Trenton Indemnity Company; The Premier Insurance Company of Massachusetts; The Travelers Lloyds Insurance Company; Travelers Lloyds of Texas Insurance Company ; Travelers Personal Insurance Company; and Travelers Personal Security Insurance Company.

## WHAT BENEFITS ARE PROVIDED?

**4.      WHAT DOES THE PROPOSED SETTLEMENT PROVIDE?**

The proposed settlement provides that Travelers will pay Settlement Funds of $2 million to be distributed to Settlement Class Members. The Benefit Amount available for each Settlement Class Member will be based on the impact of each Hurricane on the Settlement Class Member's Travelers' Insured Property, as measured by the estimated maximum sustained wind speed reached where the Property is located. Each Travelers Insured Property will qualify for only one Benefit Amount, even if more than one Settlement Class Member is an insured with respect to the same Travelers Insured Property.

The Parties' expert has identified these estimated maximum sustained wind speeds for the Class Members' Travelers' Insured Properties and grouped them into the hurricane categories of the Saffir-Simpson Hurricane Wind Scale. Each category was assigned a Damage Determination as follows: Category 3=20; Category 2=10; Category 1=5, and Less Than Category 1=2.

The Benefit Amounts available to Settlement Class Members are determined by multiplying the Settlement Funds by the ratio of the Total Damage Determination for each Travelers Insured Property to the Total Damage Determination of the Settlement Class. The sum of the Total Damage Determination of the Settlement Class is _____. The Parties anticipate that the Benefit Amount for each Travelers Insured Property will be between $30 and $170, depending on the location of the Property.

You can estimate the Benefit Amount for your Travelers Insured Property as follows:

1) Determine the category for your Travelers Insured Property for each hurricane by looking up the Property zip code on the List of Zip Codes by Category for Hurricanes Katrina and Rita. This List is available at www.katrinainsurancesettlement.com or you can obtain a copy from Class Counsel at the address stated in section 10 below.

2) Use the Damage Determinations above to determine the Total Damage Determination for your Travelers Insured Property. For example, if the zip code of your Travelers Insured Property is in Category 1 for Hurricane Katrina and Category 2 for Hurricane Rita, the Total Damage Determination is 15 (5 for Hurricane Katrina and 10 for Hurricane Rita).

3) Divide the Total Damage Determination for your Travelers Insured Property by the Total Damage Determination of the Settlement Class stated above.

4) Multiply this figure by $2,000,000.

3

## HOW WILL MY LEGAL RIGHTS BE LIMITED BY THE PROPOSED SETTLEMENT?

**5.** **IF THE PROPOSED SETTLEMENT IS APPROVED, YOU WILL LOSE THE RIGHT TO BRING A LEGAL CLAIM AGAINST TRAVELERS FOR ITS HANDLING OF YOUR INSURANCE CLAIMS RELATED TO HURRICANES KATRINA AND RITA.**

The proposed settlement does not give you the option of preserving any right you may have, if any, to seek independent relief against Travelers. If the proposed settlement is approved, your right to seek further or different relief against Travelers, if any, will be eliminated, as described below.

**Releases**

Upon the Effective Date of the Settlement Agreement the Released Entities shall be released and forever discharged from any Released Claims that any Releasor may have had. All Releasors covenant and agree that they shall not hereafter seek to establish liability against any Released Entity based, in whole or in part, on any of the Released Claims. Upon the Effective Date, all Releasors will be forever barred and enjoined from commencing, filing, initiating, instituting, prosecuting, maintaining, or consenting to any action against any Released Entity with respect to the Released Claims.

**"Released Claims"** means any and all known or unknown claims, demands, actions, suits, causes of action (under the common, or civil law, statutes, or regulations), damages whenever incurred whether compensatory or exemplary, liabilities of any nature or under any theory whatsoever, including costs, expenses, penalties and attorneys' fees, in law or equity, that any Releasor, whether or not they object to the settlement, ever had or now has, directly, representatively, derivatively or in any capacity, arising out of any conduct, events, or transactions of the Released Entities related in any way to any alleged damage, destruction, or harm to real or personal property, alleged additional living or business expenses, or alleged losses of business or other income in the State of Louisiana as a result of Hurricanes Katrina and/or Rita, including but not limited to claims for breach of contract, extracontractual damages, penalties, punitive damages, and/or attorneys fees under any legal theory, including, but not limited to La. Civ. Code Art. 1997, La. R.S. 22:1892 (previously codified at La. R.S. 22:658) and/or 22:1973 (previously codified at La. R.S. 22:1220).

**"Released Entities"** means Travelers, its parent, subsidiaries, and affiliates and their (including Travelers') past, present and future officers, directors, trustees, employees, agents, attorneys, shareholders, predecessors, successors and assigns.

**"Releasors"** means any and all Settlement Class Members, as well as their respective present and former, direct and indirect, parents, subsidiaries, divisions, partners and affiliates, their respective present and former stockholders, officers, directors, employees, managers, agents, attorneys and any of their legal representatives, any future operating entities created and controlled by a Settlement Class Member, and any predecessors, successors, heirs, executors, trustees, and administrators of each of the foregoing, all in their capacities as such, and any entities or persons on whose behalf the Settlement Class Member is authorized to act.

If you believe the relief provided by the proposed settlement is inadequate, your only redress is to opt out of the Class or to explain this to the Court by filing an objection in the manner described below.

## EXCLUDING YOURSELF FROM THE PROPOSED SETTLEMENT

If you are a Class Member and you want to keep the right you may have, if any, to sue Travelers based on claims you may have arising from Travelers' handling of claims arising out of Hurricanes Katrina and/or Rita, you must exclude yourself from the Class, as described below.

This sometimes is referred to as "opting out." If you previously filed your own lawsuit against Travelers, see the answer to Question 7 below.

| 6. | HOW DO I EXCLUDE MYSELF FROM THE PROPOSED SETTLEMENT? |
|---|---|

To exclude yourself from the Class, you must send a letter by mail saying that you wish to do so. The request must state: "I/we request that I/we be excluded from the Settlement in *Arthur v. Travelers*, Case No. 09-7332." Be sure to include: (1) your full name and current address; (2) policy number; and (3) your signature. You must postmark your exclusion request to the address below **no later than _____, 2013:**

Notice Administrator
[address]

**REQUESTS FOR EXCLUSION THAT ARE NOT POSTMARKED ON OR BEFORE _____, 2013 WILL NOT BE HONORED.**

You cannot exclude yourself by telephone or by email. You cannot exclude yourself by mailing a request to any other location or after the deadline. The letter must be signed by you. You cannot exclude yourself by having an actual or purported agent or attorney acting on behalf of you or a group of Class Members sign the letter.

| 7. | IF I DON'T EXCLUDE MYSELF, CAN I SUE TRAVELERS FOR THE SAME THING LATER? |
|---|---|

No. If the proposed settlement is approved, unless you exclude yourself, you give up the right you may have, if any, to sue Travelers for relief arising from the claims that this proposed settlement resolves. If you have a pending lawsuit against Travelers as of [date of preliminary approval order], you are not a Class Member.

## THE LAWYERS REPRESENTING YOU

| 8. | DO I HAVE A LAWYER IN THE CASE? |
|---|---|

The Settlement Class Representative retained the following lawyers to represent her and the Class: Calvin C. Fayard Jr., N. Frank Elliot III, Frank C. Dudenhefer, Wanda Edwards, and Joseph M. Bruno. In connection with the preliminary approval of the proposed settlement, the Court appointed these lawyers to represent Class Members. Together, the lawyers are called Settlement Class Counsel. You will not be charged by these lawyers for their work on the case. If you want to be represented by your own lawyer, you may hire one at your own expense.

| 9. | HOW WILL THE LAWYERS FEES, NOTICE COSTS, AND ADMINISTRATIVE FEES BE PAID? |
|---|---|

Settlement Class Counsel will ask the Court for attorneys' fees and expenses of $425,000, which Travelers has agreed to pay. Travelers also will pay the costs of notifying the Class Members of the settlement and of administering the settlement process. These sums will be paid in addition to the Settlement Funds, and will not reduce or affect any Settlement Class Member's recovery under the settlement.

## OBJECTING TO THE PROPOSED SETTLEMENT

**10.    HOW DO I TELL THE COURT THAT I DON'T LIKE THE PROPOSED SETTLEMENT?**

If you're a Settlement Class Member, you can object to the proposed settlement if you don't think the proposed settlement is fair, reasonable or adequate.  You can give reasons why you think the Court should not approve it.  The Court will consider your views.  To object, you must send a letter stating that you object to the proposed settlement.  Be sure to include (1) the name of this lawsuit, *Arthur v. Travelers*; (2) your full name, current address and telephone number; (3) the reasons you object to the proposed settlement; and (4) your signature.  Mail the objection to these three different places, postmarked no later than _____, 2013:

| COURT | SETTLEMENT CLASS COUNSEL | TRAVELERS' COUNSEL |
|---|---|---|
| Clerk of the Court<br>United States District Court<br>500 Poydras St.,<br>Room C-151<br>New Orleans, LA 70130 | Calvin C. Fayard, Jr.<br>Wanda J. Edwards,<br>Fayard And Honeycutt, APLC<br>519 Florida Avenue, SW<br>Denham Springs, LA 70726 | David F. McDowell<br>Morrison & Foerster LLP<br>555 W. Fifth St.<br>Los Angeles, CA  90013 |
| | Joseph M. Bruno,<br>Bruno and Bruno<br>855 Baronne Street<br>New Orleans, LA 70113 | |
| | Frank C. Dudenhefer, Jr.,<br>The Dudenhefer Law Firm,<br>LLC<br>601 Poydras Street, Suite 2655<br>New Orleans, LA 70130 | |
| | N. Frank Elliot III,<br>N. Frank Elliot III, LLC<br>Post Office Box 3065<br>Lake Charles, LA 70602 | |

You also must file a Proof of Service with the Court stating that you mailed or delivered copies of these papers to Settlement Class Counsel and Travelers' Counsel.

**11.    WHAT'S THE DIFFERENCE BETWEEN OBJECTING AND EXCLUDING?**

Objecting is simply telling the Court that you don't like something about the proposed settlement.  You can object to the monetary payments and related releases only if you stay in the Class.  Excluding yourself is telling the Court that you don't want to be included in that part of the proposed settlement.  If you exclude yourself, you have no basis to object to the settlement fund and related releases because the settlement no longer affects you.

6

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the proposed settlement. You may attend and you may ask to speak, but you don't have to.

| 12. | WHEN AND WHERE WILL THE COURT DECIDE TO APPROVE THE PROPOSED SETTLEMENT? |
|---|---|

The Court will hold a Fairness Hearing at _____ p.m. on _____, 2013 at Courtroom S of the United States District Court for the Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana 70130. At this hearing, the Court will consider whether the proposed settlement is fair, reasonable and adequate. If there are objections, the Court will consider them. The Court will listen to people who have submitted timely requests to speak at the hearing. The Court may also decide how much Settlement Class Counsel will receive as attorneys' fees and expenses. After the hearing, the Court will decide whether to approve the proposed settlement. We do not know how long these decisions will take.

| 13. | DO I HAVE TO COME TO THE HEARING? |
|---|---|

No. Settlement Class Counsel will answer questions the Court may have. But you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it's not necessary.

| 14. | MAY I SPEAK AT THE HEARING? |
|---|---|

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear in the *Arthur v. Travelers* case." You must include your name, address, telephone number and your signature, and your letter must identify the points you wish to speak about at the hearing, enclose copies of any documents you intend to rely on at the hearing, and state whether you intend to have a lawyer speak on your behalf.

Your Notice of Intention to Appear must be sent to the Clerk of the Court, Settlement Class Counsel and Travelers' Counsel, at the addresses contained in section 10 above, and must be received by the Clerk of the Court by _____, 2013. You also must file a Proof of Service with the Court stating that you mailed or delivered copies of these papers to Settlement Class Counsel and Travelers' Counsel at the addresses listed in the answer to Question 10 above. You cannot speak at the hearing if you have excluded yourself from the settlement.

## IF YOU DO NOTHING

| 15. | WHAT HAPPENS IF I DO NOTHING? |
|---|---|

If you are a Class Member and do not exclude yourself, you will be included in the Settlement Class. You will be bound by the terms and conditions of the proposed settlement. You will not be able to pursue any other lawsuit against Travelers concerning or relating to the claims alleged in these lawsuits (if you previously filed your own lawsuit against Travelers, see the answer to Question 7 above). If the proposed settlement is approved, the claims against Travelers will be completely "released." This means that you cannot sue Travelers for money damages or other relief based on the claims in these lawsuits. Settlement Class Members agree

to forever release all claims even if they later discover new facts about the claims in these lawsuits. This includes any claims whether known or unknown, suspected or unsuspected, contingent or non-contingent.

## GETTING MORE INFORMATION

### 16.   ARE THERE MORE DETAILS ABOUT THE PROPOSED SETTLEMENT?

This notice summarizes the proposed settlement. More details are in an Agreement. You can get a copy of the Agreement at the Office of the Clerk, 500 Poydras Street, Room C151, New Orleans, Louisiana, during the hours of 8:30 a.m. to 5:00 p.m., Monday through Friday, except holidays.

### 17.   HOW DO I GET MORE INFORMATION?

If you have questions about the case, you can write to Settlement Class Counsel, identified above. *Please do not contact the Court.*

If you wish to be notified regarding any changes to the Agreement after this Notice is sent, you must file a request for notice with the Court Clerk at the address in section 10 above or send the request in writing to Settlement Class Counsel at the address in section 10 above.

la-1188180

# Settlement Agreement Ex. E

## <u>CLASS ACTION SETTLEMENT NOTICE</u>

**TO:**    **All persons who sustained any loss or damage of any kind, arising in any way out of damage, destruction, or harm to property in the State of Louisiana related in any way to Hurricanes Katrina and/or Rita, and who, at the time of the loss, had any rights under a policy of insurance from a Travelers company.**

YOU ARE HEREBY NOTIFIED that a proposed class action settlement has been preliminarily approved by the court in *Arthur v. Travelers*, Civil Action No. 09-7332 (United States District Court, Eastern District of Louisiana). The Complaint alleges that Travelers' handling of claims arising out of the events above caused class members to receive fewer benefits than those to which they were entitled. Travelers denies all claims and liability stated in the complaint.

If you sustained loss or damage from either hurricane and also had rights under a Travelers insurance policy as described above, your rights may be affected by the settlement of this action. For further information regarding the settlement and your rights, including information on how to exclude yourself from the Class or object to the terms of the settlement agreement, please visit the website www.noticeclass.com/_____ or write to Claims Administrator, [address].

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE.**
la-1181283

# Settlement Agreement Ex. F

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| GLORIA ARTHUR, on behalf of herself and all others similarly situated, | Civil Action No. 09-7332 |
| Plaintiff, | Judge Carl J. Barbier<br>Mag. Joseph C. Wilkinson, Jr. |
| v. | |
| THE STANDARD FIRE INSURANCE COMPANY and THE TRAVELERS INDEMNITY COMPANY, | |
| Defendants. | |

**NOTICE OF CLASS ACTION SETTLEMENT**
**PURSUANT TO 28 U.S.C. § 1715**

Defendants The Travelers Indemnity Co. and The Standard Fire Insurance Company (collectively, "Travelers"), by and through their undersigned counsel of record, hereby give notice pursuant to 28 U.S.C. § 1715 of a proposed settlement in the above-captioned class action (the "Action"). In accordance with 28 U.S.C. § 1715(b), Travelers states as follows:

1.     A copy of the complaint in the Action is electronically available on the Court's Pacer website found at https://ecf.laed.uscourts.gov. Through the docket report for Case No. 09-7332, the original complaint can be found at Docket No. 1.

2.     The Settlement Class Representative in the Action has filed a motion for preliminary approval of the proposed settlement, which has been set for hearing on _____, 2013 at 9:30 a.m. at the United States District Court for the Eastern District of Louisiana before the Honorable Carl J. Barbier.

1

3.      The terms of the proposed settlement are contained in an Amended Settlement

Agreement and Release, executed by defendant Travelers and the Settlement Class

Representative dated January 2, 2013 (the "Agreement"). A copy of the Agreement (with its

exhibits) is enclosed with this notice. Copies of the proposed forms of notice to class members

are attached as Exhibits D and E of the enclosed Agreement.

4.      There is no settlement or other agreement contemporaneously made between

Settlement Class Counsel and Travelers' Counsel.

5.      At this time, there has been no final judgment or notice of dismissal in the Action.

A copy of a proposed final judgment is attached as Exhibit G to the enclosed Agreement.

6.      Travelers believes that there are approximately 35,000 class members. Given that

persons within the class have moved from Louisiana to other states since the time of Hurricanes

Katrina and Rita, Travelers does not know, and cannot presently determine the number of class

members residing in each State, and cannot quantify the proportionate share of the claims of

class members in each State to the entire settlement, although Travelers does expect that the vast

majority of class members will reside in Louisiana.

2

7.    At this time, there has been no written judicial opinion relating to the materials described in subparagraphs (3) through (6) of subdivision (b) of 28 U.S.C. § 1715.

Dated: _____, 2013                    Respectfully submitted,

                                             The Travelers Indemnity Company and The
                                             Standard Fire Insurance Company

                                             By its attorneys:

                                             _____
                                             David F. McDowell
                                             MORRISON & FOERSTER LLP
                                             555 West Fifth Street, Suite 3500
                                             Los Angeles, CA 90013-1024
                                             (213) 892-5200

la-1181384

3

Settlement Agreement Ex. G

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GLORIA ARTHUR, on behalf of
herself and all others similarly
situated,

                         Plaintiff,

          v.

THE STANDARD FIRE
INSURANCE COMPANY and THE
TRAVELERS INDEMNITY
COMPANY,

                       Defendants.

Civil Action No. 09-7332

  Judge Carl J. Barbier
  Mag. Joseph C. Wilkinson, Jr.

**[PROPOSED] FINAL ORDER AND JUDGMENT CERTIFYING THE CLASS FOR PURPOSES OF SETTLEMENT, APPROVING OF CLASS ACTION SETTLEMENT, AND DISMISSING THE ACTION WITH PREJUDICE**

A Fairness Hearing was held before this Court on _____, 2013, to consider, among other things, whether the Amended Settlement Agreement and Release dated January 2, 2013 (the "Agreement") between the Settlement Class Representative on behalf of herself and the Class (the "Plaintiffs"), and defendants The Travelers Indemnity Co. and The Standard Fire Insurance Company (collectively, "Travelers") represents a fair, reasonable and adequate compromise of the Action, and the amount to be paid to Settlement Class Counsel as fees and litigation costs.

Having considered the evidence and argument submitted by the Parties, and the objections of those persons listed on Exhibit A hereto,

**GOOD CAUSE APPEARING, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.      This Order incorporates by reference the definitions in the Agreement, and all capitalized terms used in this Judgment will have the same meanings as set forth in the Agreement, unless otherwise defined herein.

2.      This Court has jurisdiction over the subject matter of this action, the Settlement Class Representative, the Class, and Travelers.  Venue is proper in this district.

3.      The Joint Motion for Final Approval of Settlement, and for Entry of Final Judgment and Order of Dismissal is GRANTED.

4.      The Court finds that the Agreement is the product of good faith arms' length negotiations by the Parties, each of whom was represented by experienced counsel.

5.      The Court finds that the class proposed for purposes of the settlement meets the requirements of Fed. R. Civ. P. 23(a) and 23(b)(3), and hereby certifies a class for settlement purposes (the "Class") as follows:

> All persons who sustained any loss or damage of any kind, arising in any way out of damage, destruction, or harm to property in the State of Louisiana related in any way to Hurricanes Katrina and/or Rita, and who, at the time of the loss, had any rights under a policy of insurance from Travelers.  Loss or damage includes but is not limited to: (1) loss or damage to real or personal property; (2) the incurring of additional living or business expenses; or (3) the loss of any business or other income.  The class excludes all persons, including the State of Louisiana as plaintiff in the Road Home Litigation, who have a suit pending against Travelers as of the date of the Preliminary Approval Order related in any way to losses stemming from Hurricanes Katrina and/or Rita.  The class also excludes class counsel, members of the judiciary, their administrative staff and any other personnel who may cause a member of the Louisiana bench to be unable to preside over this action.

6.      Specifically, the Court finds that the Class described above satisfies Fed. R. Civ. P. 23(a) and Rule 23 (b)(3) for settlement purposes:

### Rule 23(a)

(a)     Numerosity:  Numerosity is established in that the size of the proposed class is sufficiently large to make joinder impractical, given the relevant circumstances. Fed. R. Civ. P. 23(a); *see, e.g., Turner v. Murphy Oil USA, Inc.*, 234 F.R.D. 597

(E.D. La. 2006) (finding numerosity requirement met in class action suit arising from post-Hurricane Katrina oil spill where class members were dispersed throughout the country and the number of impacted properties exceeded 1,800). In this settlement, the proposed class encompasses thousands of policyholders who have asserted claims or potential claims against Travelers arising from Hurricanes Katrina and Rita. Thus, the Rule 23(a)(1) numerosity requirement has been met.

(b)     Commonality: Generally, the commonality requirement is easily met, provided that at least one common question of law or fact exists. *See* Fed. R. Civ. P. 23(a)(2); *James v. City of Dallas*, 254 F.3d 551, 570 (5th Cir. 2001). Here, there are many common questions of law and fact. For example, the insurance policies have similar or identical language, which raises common issues of contract interpretation and the application of state law to the policies. Finally, the efficient proximate cause of the inundation of the Travelers Insured Properties, including the fault of third parties, and the propriety of the declaratory relief are common questions across the putative class. Such common questions satisfy Rule 23(a)(2)'s commonality requirement.

(c)     Typicality: The Settlement Class Representative's claims arise from the same course of conduct and share the same legal theory as the claims of the Class Members. Furthermore, the Settlement Class Representative will advance the interests of all Class Members. The Settlement Class Representative's claims are typical of those of the proposed Class and satisfy Rule 23(a)(3).

(d)     Adequacy: The Settlement Class Representative asserts claims representative of the claims of the Class with regard to claims arising out of Hurricanes Katrina and/or Rita. As such, even though the claims may not be identical to every claim of every putative Class Member, the Settlement Class Representative can adequately represent the putative Class.

The adequacy factor also considers Settlement Class Counsel. In this case, Settlement Class Counsel regularly engage in complex litigation similar to the present case and have dedicated substantial resources to the prosecution of this matter. The adequacy requirement is satisfied.

**Rule 23(b)(3)**

Once the subsection (a) prerequisites are satisfied, Federal Rule of Civil Procedure 23(b)(3) provides that a class action can be maintained where the questions of law and fact common to members of the class predominate over any questions affecting only individuals, and the class action mechanism is superior to the other available methods for the fair and efficient adjudication of the controversy. Fed. R. Civ. P 23(b)(3); *Steering Committee v. Exxon Mobil Corp.*, 461 F.3d 598, 601 (5th Cir. 2006). In this case and in the context of the proposed settlement, common issues of fact and law predominate. With respect to the Class, common questions of fact and law predominate over the questions affecting only individual Class Members, particularly with respect to matters of policy interpretation, application of Louisiana law to the subject policies, application of Louisiana law to Travelers' conduct, the history and significance of specific policy provisions, Travelers' policies, practices, and procedures as they apply to the Class' claims, the propriety of the declaratory relief sought by the Class, and whether the Class Members' claims are time-barred.

In addition, the instant class action is superior to any other method available to fairly, adequately, and efficiently resolve the class members' claims. Absent a

class action, most Class Members would find the cost of litigating their claims to be prohibitive and such multiple individual actions would be judicially inefficient. Also, because the Parties have agreed to settle the action, the Court need not consider issues of manageability relating to trial. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997) (citation omitted) ("[c]onfronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems, for the proposal is that there be no trial"). Accordingly, common questions predominate and a class action is the superior method of adjudicating this controversy.

7. The Court makes the above findings set forth above regarding certification of the Class only for the purposes of settlement.

8. As part of the Agreement, the Settlement Class Members are forever releasing and discharging any claims for monetary damages of any type, whether compensatory, restitutionary, punitive or otherwise, as set forth in the Agreement and that the Settlement Class Members will be forever bound by this Final Order and Judgment including for the Released Claims as against the Released Entities. The Court finds that this relief is enforceable and binding on the Settlement Class and satisfies the right of due process under the provisions of Rule 23(b)(3) because this Court provided to the Class notice of the proposed settlement and the right of Class Members to exclude themselves from the Class pursuant to the Court's plenary powers under Rule 23(d)(2) and 23(d)(5).

9. The Court reconfirms the appointment of the Settlement Class Representative.

10. The Court reconfirms the appointment of Calvin C. Fayard Jr., N. Frank Elliot III, Frank C. Dudenhefer, Wanda Edwards, and Joseph M. Bruno as Settlement Class Counsel.

11. The Court approves the Agreement, on file with the Court as Exhibit A to the Joint Motion for Preliminary Approval of Class Settlement dated _____, as being fair, adequate, and reasonable and in the best interests of the Class, satisfying Rule 23(e) and the fairness and adequacy factors of this Circuit. In particular, the Court finds that:

(a)     **Fairness, Adequacy, and Reasonableness of the Proposed Settlement**:

The Court finds that the Agreement is fair, adequate, and reasonable. The facts and circumstances of the negotiations set forth in counsels' declarations and papers demonstrate that there has been considerable arms' length bargaining in this case. Under Fifth Circuit law, "[t]he gravamen of an approvable proposed settlement is that it be 'fair, adequate, and reasonable and is not the product of collusion between the parties.'" *Newby v. Enron Corp.*, 394 F.3d 296, 301 (5th Cir. 2004). The following factors must be considered: "(1) evidence that the settlement was obtained by fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the litigation and available discovery; (4) the probability of plaintiffs' prevailing on the merits; (5) the range of possible recovery and certainty of damages; and (6) the opinions of class counsel, class representatives, and absent class members." *Id.* The Fifth Circuit has further stated that "formal discovery is not necessary as long as (1) the interests of the class are not prejudiced by the settlement negotiations and (2) there are substantial factual bases on which to premise settlement." *Id.* at 306.

1.     Comparison of Settlement With Likely Result of Litigation:

Although Class Members have consistently asserted their confidence in the strength of their case, this is complex litigation for which the outcome is uncertain and unpredictable. Courts in the Fifth Circuit have routinely refused to certify classes of policyholders seeking to recover for claims based on Hurricanes Katrina and/or Rita, finding common issues of fact and law did not predominate. Even if the Settlement Class Representative could succeed in certifying a class, Class Members would have to succeed on several complex and hotly disputed legal and factual issues. The relief contemplated in the Agreement is fair, adequate, and reasonable.

2.     Reaction of the Class to the Settlement:

Class Members had until _____ to opt-out of the Class and _____ to object. As a result of the extensive notice program ordered by the Court, there have been __ opt-outs and __ objections filed with the Court. The overall reaction to the settlement has been positive. Given the size of the class, the number of objections and opt-outs from the Class is small.

3.     State of the Litigation:

Over the past five years (and indeed even well before the instant case was brought), Settlement Class Counsel engaged in discovery and investigation, and such work has generated significant information about the prospects for success in this litigation. On the other hand, although there has been extensive motion practice and the Parties have engaged in both formal and informal discovery to ensure that the settlement is fair, adequate, and reasonable, there remains substantial litigation ahead, including additional motion practice, trial preparation, and the trial itself. Indeed, litigation of this complex case through trial would require millions of dollars in expenses. Given that the Parties have undertaken sufficient discovery to ensure the fairness, reasonableness, and adequacy of the settlement, expenditure of these resources would be wasteful and unnecessary. The state of the litigation therefore weighs in favor of approval of the settlement.

4.     Quality of Counsel:

Settlement Class Counsel are very well-qualified and experienced. Settlement Class Counsel regularly engage in complex litigation similar to the present case and have dedicated substantial resources to the prosecution of this matter. The experience and skill of all counsel involved weighs in favor of final approval of this settlement.

5.     Conduct of Negotiations:

Settlement Class Counsel and Travelers' Counsel have engaged in extensive, arms-length negotiations. The complexity and duration of these negotiations weighs in favor of final approval of this settlement.

6.     Case Prospects, Including Risk, Complexity, Expense, and Duration:

Litigation has the potential to impose enormous costs on all of the Parties. Indeed, although the ultimate result of motions for class certification and trial cannot be foreseen, absent a settlement, an expensive, complex and time-consuming process is assured. In light of the high stakes involved, a lengthy and costly appeal is certain to follow regardless of the outcome at trial. Thus, the complexity, expense and likely duration of the litigation weighs heavily in favor of final approval of this settlement.

12.     Any and all objections to the Agreement and Settlement Class Counsel's request

for attorney's fees and costs and expenses, if any, have been considered and are hereby found to

be without merit and are overruled.

13.     The Court finds that the notification provided for in the order preliminarily

approving class settlement has been provided to the Class and the notice provided to the Class

constituted the best notice practicable under the circumstances, and was in full compliance with

the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, the

United States Constitution and any other applicable law. The notice provided to the Class

apprised the Class Members of the pendency of the litigation; of all material elements of the

proposed settlement, including but not limited to the relief afforded the Class under the

Agreement; of the res judicata effect on members of the Settlement Class and of their opportunity

to object to, comment on, or opt-out of the settlement; of the identity of Settlement Class Counsel

and of information necessary to contact Settlement Class Counsel; and of the right to appear at

the Fairness Hearing. Full opportunity has been afforded to members of the Settlement Class to

participate in this Fairness Hearing.  Accordingly, the Court determines that all members of the

Settlement Class are bound by this Judgment in accordance with the terms provided herein.

14.     The Court holds that the notice provisions set forth under the Class Action

Fairness Act, 28 U.S.C. § 1715, were complied with in this case.

15.     The "Released Claims" (as defined below) of any and all Settlement Class

Members are HEREBY DISMISSED WITH PREJUDICE against all "Released Entities" (as

defined below):

> "Released Claims" means any and all known or unknown claims, demands,
> actions, suits, causes of action (under the common, or civil law, statutes, or
> regulations), damages whenever incurred whether compensatory or
> exemplary, liabilities of any nature or under any theory whatsoever,
> including costs, expenses, penalties and attorneys' fees, in law or equity,
> that any Releasor, whether or not they object to the settlement, ever had or
> now has, directly, representatively, derivatively or in any capacity, arising
> out of any conduct, events, or transactions of the Released Entities related
> in any way to any alleged damage, destruction, or harm to real or personal
> property, alleged additional living or business expenses, or alleged losses
> of business or other income in the State of Louisiana as a result of
> Hurricanes Katrina and/or Rita, including but not limited to claims for
> breach of contract, extracontractual damages, penalties, punitive damages,
> and/or attorneys fees under any legal theory, including, but not limited to
> La. Civ. Code Arts. 1997 and 1998, La. R.S. 22:1892 (previously codified
> at La. R.S. 22:658) and/or 22:1973 (previously codified at La. R.S.
> 22:1220).

> "Released Entities" means The Travelers Companies, Inc. and its present
> and former subsidiaries, affiliates, divisions, associates, agents, successors,
> predecessors, assignors, assignees, and/or assigns and each of their
> respective present, former or future, officers, directors, shareholders, agents
> and employees, including, but not limited to, the following companies:  The
> Travelers Indemnity Company; The Charter Oak Fire Insurance Company;
> The Phoenix Insurance Company; The Travelers Indemnity Company of
> Connecticut; The Travelers Indemnity Company of America; Travelers
> Property Casualty Company of America; The Travelers Home and Marine
> Insurance Company; TravCo Insurance Company; Nipponkoa Insurance
> Company, Limited (U.S. Branch); Travelers Commercial Casualty
> Company; Travelers Casualty and Surety Company; The Standard Fire
> Insurance Company; The Automobile Insurance Company of Hartford,
> Connecticut; Travelers Casualty Insurance Company of America;
> Farmington Casualty Company; Travelers Casualty and Surety Company
> of America; Travelers Commercial Insurance Company; Travelers
> Casualty Company of Connecticut; Travelers Property Casualty Insurance
> Company; Select Insurance Company; Gulf Underwriters Insurance
> Company; Gulf Insurance Company; Commercial Guaranty Insurance
> Company; Travelers Excess and Surplus Lines Company; Athena
> Assurance Company; Discover Property & Casualty Insurance Company;

Discover Specialty Insurance Company; Fidelity and Guaranty Insurance Company; Fidelity and Guaranty Insurance Underwriters, Inc.; Northland Casualty Company; Northland Insurance Company; St. Paul Insurance Company; St. Paul Fire and Marine Insurance Company; St. Paul Guardian Insurance Company; St. Paul Medical Liability Insurance Company; St. Paul Mercury Insurance Company; St. Paul Protective Insurance Company; United States Fidelity and Guaranty Company; American Equity Insurance Company; American Equity Specialty Insurance Company; Discover Specialty Insurance Company; Northfield Insurance Company; GeoVera Insurance Company; Seaboard Surety Company; American Continental Insurance Company; Atlantic Insurance Company; Titan Indemnity Company; USF&G Specialty Insurance Company; St. Paul Surplus Lines Insurance Company; St. Paul Fire and Casualty Insurance Company ; First Floridian Auto and Home Insurance Company; First Trenton Indemnity Company; The Premier Insurance Company of Massachusetts; The Travelers Lloyds Insurance Company; Travelers Lloyds of Texas Insurance Company ; Travelers Personal Insurance Company; and Travelers Personal Security Insurance Company.

16. By entry of this Final Order and Judgment, each Settlement Class Member, and all other persons and entities claiming by, through, or on behalf of, a Settlement Class Member, are hereby forever barred and enjoined from commencing, filing, initiating, instituting, prosecuting, maintaining, or consenting to any action against the Released Entities with respect to the Released Claims and forever discharge and hold harmless the Released Entities of and from any and all Released Claims which the Settlement Class Member has or may hereafter have.

17. The terms of the Agreement, this Final Order and Judgment, and the Preliminary Approval Order shall be binding on the Parties and all Settlement Class Members, as well as their heirs, executors, administrators, and successors and shall have res judicata and other preclusive effect in all pending and future claims, lawsuits, or other proceedings maintained by or on behalf of any such persons.

18. Within thirty (30) days following the Effective Date, Travelers shall pay the Settlement Funds to be deposited in the Class Escrow Account.

19. The Court holds that the Class Escrow Account is approved in order that it may be a Qualified Settlement Fund for federal tax purposes pursuant to Treas. Reg. § 1.468B-1.

20.     Having reviewed the submissions of Settlement Class Counsel, the Court finds that the sum of $_____ is reasonable compensation for Settlement Class Counsel's attorneys' fees and expenses.   Travelers shall pay this sum to Settlement Class Counsel within fifteen (15) days of the later of: (1) the Effective Date; or (2) receipt by Travelers' Counsel of Settlement Class Counsel's completed W-9 form.

21.     Neither this Judgment nor the Agreement, nor any of its terms or provisions nor any of the negotiations or proceedings connected with it, shall be:  (1) construed as an admission or concession by Travelers of the truth of any of the allegations in the Action, or of any liability, fault or wrongdoing of any kind; or (2) construed as an admission by Plaintiffs as to any lack of merit of the claims or this Action.

22.     If the Effective Date, as defined in the Agreement, does not occur for any reason whatsoever, this Final Judgment and the Preliminary Approval Order shall be deemed vacated and shall have no force and effect whatsoever.

23.     If the Agreement is terminated, (a) the Agreement shall have no effect on the rights of the Parties or the Class Members to prosecute or defend any other action, and (b) subject expressly to the reservation and preservation of rights and defenses and all Parties and Class Members shall be restored to their respective positions immediately prior to the date the Parties signed the Agreement.  In such event, the Agreement and all negotiations, proceedings, documents prepared and statements made in connection herewith shall be without prejudice to the Parties, and shall not be deemed or construed to be an admission or confession by or against any Party of any fact, matter, or proposition of law.

24.     The Agreement, the evidence introduced at the preliminary hearing on the Joint Motion, or that may be introduced into evidence at the Final Approval Hearing, or in connection with any related motion, and all negotiations, proceedings, documents prepared and statements

made in connection herewith, shall be without prejudice to Plaintiffs and Travelers, and shall not (i) be deemed or construed to be an admission or confession by or against any Party of any fact, matter, or proposition of law; (ii) constitute, be construed as, or be admissible as evidence of an admission by or against any person, including any of the Plaintiffs or Travelers, that this Action or any other proposed or certified class action, can be or is properly certified for trial or litigation purposes under Article 591, *et seq.*, of the Louisiana Code of Civil Procedure, Rule 23 of the Federal Rules of Civil Procedure, or any similar statute or rule; (iii) constitute, be construed, be offered, or received into evidence as an admission of the validity of any claim or defense, or the truth of any fact alleged or other allegation in the Action or in any other pending or subsequently filed action, or of any wrongdoing, fault, violation of law, or liability of any kind on the part of Travelers, or (iv) be used to establish a waiver of any defense or right, or to establish or contest jurisdiction or venue.

25.     If the Agreement becomes void or is terminated for any reason, any amounts then remaining in the Class Escrow Account shall be paid to Travelers within fifteen days of the event voiding the Agreement.

26.     Prior to this Final Order and Judgment becoming a Final Judgment, the Agreement may, with approval of the Court, be modified by written agreement of Travelers' Counsel and Settlement Class Counsel in their discretion without giving any additional notice to the Class, provided that such modifications are not materially adverse to the Class.

27.     Subsequent to this Final Order and Judgment becoming a Final Judgment, the Agreement may, with approval of the Court, be modified by written agreement of Travelers' Counsel and Settlement Class Counsel in their discretion without giving any additional notice to the Class, provided that such modifications do not limit the rights of the Class Members under the Agreement.

28.    Pursuant to the All Writs Act, 28 U.S.C. §1651, this Court shall retain the authority to issue any order necessary to protect its jurisdiction from any action, whether in state or federal court, that threatens to undermine the settlement in this case and this Final Order.

29.    FINAL JUDGMENT is hereby ENTERED directing Travelers to comply with the terms of the Agreement as herein described.

30.    FINAL JUDGMENT is hereby ENTERED dismissing with prejudice all Released Claims of the Settlement Class against all Released Entities as herein described and dismissing Travelers from this Action.

31.    Pursuant to FRCP 54(b), the Court determines that there is no just cause for delay and expressly DIRECTS the ENTRY OF JUDGMENT on all issues contained in this Order. Accordingly, this Final Order and Judgment is immediately appealable.

IT IS SO ORDERED.

DATED:
This ___ day of _____, 2013


_____
Honorable Carl J. Barbier
United States District Court

## **Exhibit**

Exhibit A                                   List of Objections Filed and Considered

la-1188243

Settlement Agreement Ex. H

TRAVELERS COMPANIES COVERED BY SETTLMENT

The Travelers Indemnity Company
The Charter Oak Fire Insurance Company
The Phoenix Insurance Company
The Travelers Indemnity Company of Connecticut
The Travelers Indemnity Company of America
Travelers Property Casualty Company of America
The Travelers Home and Marine Insurance Company
TravCo Insurance Company
Nipponkoa Insurance Company, Limited (U.S. Branch)
Travelers Commercial Casualty Company
Travelers Casualty and Surety Company
The Standard Fire Insurance Company
The Automobile Insurance Company of Hartford, Connecticut
Travelers Casualty Insurance Company of America
Farmington Casualty Company
Travelers Casualty and Surety Company of America
Travelers Commercial Insurance Company
Travelers Casualty Company of Connecticut
Travelers Property Casualty Insurance Company
Select Insurance Company
Gulf Underwriters Insurance Company
Gulf Insurance Company
Commercial Guaranty Insurance Company
Travelers Excess and Surplus Lines Company
Athena Assurance Company
Discover Property & Casualty Insurance Company
Discover Specialty Insurance Company
Fidelity and Guaranty Insurance Company
Fidelity and Guaranty Insurance Underwriters, Inc.
Northland Casualty Company
Northland Insurance Company
St. Paul Insurance Company
St. Paul Fire and Marine Insurance Company
St. Paul Guardian Insurance Company
St. Paul Medical Liability Insurance Company
St. Paul Mercury Insurance Company
St. Paul Protective Insurance Company
United States Fidelity and Guaranty Company
American Equity Insurance Company
American Equity Specialty Insurance Company
Discover Specialty Insurance Company
Northfield Insurance Company
GeoVera Insurance Company

Seaboard Surety Company
American Continental Insurance Company
Atlantic Insurance Company
Titan Indemnity Company
USF&G Specialty Insurance Company
St. Paul Surplus Lines Insurance Company
St. Paul Fire and Casualty Insurance Company
First Floridian Auto and Home Insurance Company
First Trenton Indemnity Company
The Premier Insurance Company of Massachusetts
The Travelers Lloyds Insurance Company
Travelers Lloyds of Texas Insurance Company
Travelers Personal Insurance Company
Travelers Personal Security Insurance Company

# Settlement Agreement Ex. I

*Hurricane Katrina/Rita Travelers Insurance Settlement*
## CLAIM FORM

### Part I:  Identifying Information.

1.      Please provide the name of the insured(s): _____.

2.      Please provide the address of the property insured by Travelers in August and/or September 2005 when Hurricane Katrina and Hurricane Rita made landfall:

_____.

3.      Please provide the *current* address of the insured(s):

_____.

4.      Travelers policy number (if known): _____.

### Part II:  Claim Form Instructions.

     If you received notice of the settlement by mail on or about _____, 2012, or later, you do not need to complete this claim form unless you want to provide an updated address. However, if you did not receive notice of the settlement by mail, you must complete this claim form in order to receive a distribution from the Settlement Funds.

Executed on _____ [date]

_____
Signature of Insured

**You must send your Claim Form to this address:  Claims Administrator [address]  It must be postmarked on or before [45 days after date of last notice], 2012.  If it is received late, or at any other address, it will not be processed.**

la-855289