UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GLORIA ARTHUR, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE STANDARD FIRE INSURANCE COMPANY and THE TRAVELERS INDEMNITY COMPANY,<br><br>Defendants. | Civil Action No. 09-7332<br><br>Judge Carl J. Barbier<br>Mag. Joseph C. Wilkinson, Jr. |

**ORDER GRANTING FINAL
APPROVAL OF CLASS ACTION SETTLEMENT AND
CERTIFYING THE CLASS FOR SETTLEMENT PURPOSES**

A Fairness Hearing was held before this Court on August 9, 2013, to consider, among other things, whether the Amended Settlement Agreement and Release dated December 13, 2012 (the "Agreement") between the Settlement Class Representative on behalf of herself and the Class (the "Plaintiffs"), and defendants The Travelers Indemnity Co. and The Standard Fire Insurance Company (collectively, "Travelers") represents a fair, reasonable and adequate compromise of the Action, and the amount to be paid to Settlement Class Counsel as fees and litigation costs.

Having considered the evidence and argument submitted by the Parties, and for reasons orally stated in open court,

**IT IS HEREBY ORDERED THAT:**

1. This Order incorporates by reference the definitions in the Agreement, and all capitalized terms used in this Order will have the same meanings as set forth in the Agreement, unless otherwise defined herein.

2. This Court has jurisdiction over the subject matter of this action, the Settlement Class Representative, the Class, and Travelers. Venue is proper in this district.

3. The Joint Motion for Final Approval of Settlement, and for Entry of Final Judgment and Order of Dismissal **(Rec. Doc. 64)** is **GRANTED**.

4. The Court finds that the Agreement is the product of good faith arms' length negotiations by the Parties, each of whom was represented by experienced counsel.

5. The Court finds that the class proposed for purposes of the settlement meets the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3), and hereby certifies a class for settlement purposes (the "Class") as follows:

> All persons who sustained any loss or damage of any kind, arising in any way out of damage, destruction, or harm to property in the State of Louisiana related in any way to Hurricanes Katrina and/or Rita, and who, at the time of the loss, had any rights under a policy of insurance from Travelers. Loss or damage includes but is not limited to: (1) loss or damage to real or personal property; (2) the incurring of additional living or business expenses; or (3) the loss of any business or other income. The class excludes all persons, including the State of Louisiana as plaintiff in the Road Home Litigation, who have a suit pending against Travelers as of the date of the Preliminary Approval Order related in any way to losses stemming from Hurricanes Katrina and/or Rita. The class also excludes class counsel, members of the judiciary, their administrative staff and any other personnel who may cause a member of the Louisiana bench to be unable to preside over this action.

6. Specifically, the Court finds that the Class described above satisfies Federal Rules of Civil Procedure 23(a) and Rule 23 (b)(3) for settlement purposes:

**Rule 23(a)**

(a)      Numerosity:  Numerosity is established in that the size of the proposed class is sufficiently large to make joinder impractical, given the relevant circumstances. Fed. R. Civ. P. 23(a); *see, e.g., Turner v. Murphy Oil USA, Inc.*, 234 F.R.D. 597 (E.D. La. 2006) (finding numerosity requirement met in class action suit arising from post-Hurricane Katrina oil spill where class members were dispersed throughout the country and the number of impacted properties exceeded 1,800). In this settlement, the proposed class encompasses thousands of policyholders who have asserted claims or potential claims against Travelers arising from Hurricanes Katrina and Rita.  Thus, the Rule 23(a)(1) numerosity requirement has been met.

(b)      Commonality:  The commonality requirement is met when all of the class members' claims depend on at least one common contention capable of classwide resolution, "which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011).  Here, there are several common questions of law that are central to the Settlement Class Members' claims, including whether their claims are time-barred, and the interpretation of the same or similar language in their insurance contracts.  These common questions satisfy Rule 23(a)(2)'s commonality requirement.

(c)      Typicality:  The Settlement Class Representative's claims arise from the same course of conduct and share the same legal theory as the claims of the Class Members.  Furthermore, the Settlement Class Representative will advance the interests of all Settlement Class Members.  The Settlement Class Representative's claims are typical of those of the proposed Settlement Class and satisfy Rule 23(a)(3).

(d)      Adequacy:  The Settlement Class Representative asserts claims representative of the claims of the Class with regard to claims arising out of Hurricanes Katrina and/or Rita.  As such, even though the claims may not be identical to every claim of every putative Class Member, the Settlement Class Representative can adequately represent the putative Class.

         The adequacy factor also considers Settlement Class Counsel.  In this case, Settlement Class Counsel regularly engage in complex litigation similar to the present case and have dedicated substantial resources to the prosecution of this matter.  The adequacy requirement is satisfied.

**Rule 23(b)(3)**

>Once the subsection (a) prerequisites are satisfied, Federal Rule of Civil Procedure 23(b)(3) provides that a class action can be maintained where the questions of law and fact common to members of the class predominate over any questions affecting only individuals, and the class action mechanism is superior to the other available methods for the fair and efficient adjudication of the controversy. Fed. R. Civ. P 23(b)(3); *Steering Committee v. Exxon Mobil Corp.*, 461 F.3d 598, 601 (5th Cir. 2006). In this case and in the context of the proposed settlement, common issues of fact and law predominate. With respect to the Class, common questions of fact and law predominate over the questions affecting only individual Class Members, particularly with respect to matters of policy interpretation, application of Louisiana law to the subject policies, application of Louisiana law to Travelers' conduct, the history and significance of specific policy provisions, Travelers' policies, practices, and procedures as they apply to the Class' claims, the propriety of the declaratory relief sought by the Class, and whether the Class Members' claims are time-barred.
>
>In addition, the instant class action is superior to any other method available to fairly, adequately, and efficiently resolve the class members' claims. Absent a class action, most Class Members would find the cost of litigating their claims to be prohibitive and such multiple individual actions would be judicially inefficient. Also, because the Parties have agreed to settle the action, the Court need not consider issues of manageability relating to trial. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997) (citation omitted) ("[c]onfronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems, for the proposal is that there be no trial"). Accordingly, common questions predominate and a class action is the superior method of adjudicating this controversy.

7. The Court makes the above findings set forth above regarding certification of the Class only for the purposes of settlement.

8. As part of the Agreement, the Settlement Class Members are forever releasing and discharging any claims for monetary damages of any type, whether compensatory, restitutionary, punitive or otherwise, as set forth in the Agreement and that the Settlement Class Members will be forever bound by this Final Order and Judgment including for the Released Claims as against the Released Entities. The Court finds that this relief is enforceable and binding on the Settlement Class and satisfies the right of due process under the provisions of Rule 23(b)(3) because this Court provided to the Class notice of the proposed settlement and the right of Class Members to exclude themselves from the Class pursuant to the Court's plenary

powers under Rules 23(d)(2) and 23(d)(5).

9. The Court reconfirms the appointment of the Settlement Class Representative.

10. The Court reconfirms the appointment of Calvin C. Fayard Jr., N. Frank Elliot III, Frank C. Dudenhefer, Wanda Edwards, and Joseph M. Bruno as Settlement Class Counsel.

11. The Court appoints Rust Consulting, Inc. as Claims Administrator to distribute the Settlement Funds in accordance with the provisions in the Agreement.

12. The Court approves the Agreement, on file with the Court as Exhibit A to the Preliminary Approval and Notice Order filed January 17, 2013 (Rec. Doc. 61), as being fair, adequate, and reasonable and in the best interests of the Class, satisfying Rule 23(e) and the fairness and adequacy factors of this Circuit. In particular, the Court finds that:

(a) **Fairness, Adequacy, and Reasonableness of the Proposed Settlement**:

The Court finds that the Agreement is fair, adequate, and reasonable. The facts and circumstances of the negotiations set forth in counsels' declarations and papers demonstrate that there has been considerable arms' length bargaining in this case. Under Fifth Circuit law, "[t]he gravamen of an approvable proposed settlement is that it be 'fair, adequate, and reasonable and is not the product of collusion between the parties.'" *Newby v. Enron Corp.*, 394 F.3d 296, 301 (5th Cir. 2004). The following factors must be considered: "(1) evidence that the settlement was obtained by fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the litigation and available discovery; (4) the probability of plaintiffs' prevailing on the merits; (5) the range of possible recovery and certainty of damages; and (6) the opinions of class counsel, class representatives, and absent class members." *Id.* The Fifth Circuit has further stated that "formal discovery is not necessary as long as (1) the interests of the class are not prejudiced by the settlement negotiations and (2) there are substantial factual bases on which to premise settlement." *Id.* at 306.

1. <u>Comparison of Settlement With Likely Result of Litigation</u>:

Although Class Members have consistently asserted their confidence in the strength of their case, this is complex litigation for which the outcome is uncertain and unpredictable. Courts in the Fifth Circuit have routinely refused to certify classes of policyholders seeking to recover for claims based on Hurricanes

Katrina and/or Rita, finding common issues of fact and law did not predominate. Even if the Settlement Class Representative could succeed in certifying a class, Class Members would have to succeed on several complex and hotly disputed legal and factual issues. The relief contemplated in the Agreement is fair, adequate, and reasonable.

2. <u>Reaction of the Class to the Settlement</u>:

Class Members had until June 8, 2013 to opt-out of the Class and July 3, 2013 to object. As a result of the extensive notice program ordered by the Court, there have been 35 opt-outs and no objections filed with the Court. The overall reaction to the settlement has been positive. Given the size of the class, the number of opt-outs from the Class is small.

In addition, the Notice Administrator received 141 claim forms, which were made available on the settlement website for Class Members who did not receive the Settlement Notice. The Parties have agreed to honor all claim forms that were not duplicative of each other or duplicative of records on the Class List provided by Travelers and that will be used by Rust to administer the settlement.

3. <u>State of the Litigation</u>:

Over the past five years (and indeed even well before the instant case was brought), Settlement Class Counsel engaged in discovery and investigation, and such work has generated significant information about the prospects for success in this litigation. On the other hand, although there has been extensive motion practice and the Parties have engaged in both formal and informal discovery to ensure that the settlement is fair, adequate, and reasonable, there remains substantial litigation ahead, including additional motion practice, trial preparation, and the trial itself. Indeed, litigation of this complex case through trial would require millions of dollars in expenses. Given that the Parties have undertaken sufficient discovery to ensure the fairness, reasonableness, and adequacy of the settlement, expenditure of these resources would be wasteful and unnecessary. The state of the litigation therefore weighs in favor of approval of the settlement.

4. <u>Quality of Counsel</u>:

Settlement Class Counsel are very well-qualified and experienced. Settlement Class Counsel regularly engage in complex litigation similar to the present case and have dedicated substantial resources to the prosecution of this matter. The experience and skill of all counsel involved weighs in favor of final approval of this settlement.

5. <u>Conduct of Negotiations</u>:

Settlement Class Counsel and Travelers' Counsel have engaged in extensive, arms-length negotiations. The complexity and duration of these negotiations weighs in favor of final approval of this settlement.

      6.    <u>Case Prospects, Including Risk, Complexity, Expense, and Duration</u>:

      Litigation has the potential to impose enormous costs on all of the Parties. Indeed, although the ultimate result of motions for class certification and trial cannot be foreseen, absent a settlement, an expensive, complex and time-consuming process is assured. In light of the high stakes involved, a lengthy and costly appeal is certain to follow regardless of the outcome at trial. Thus, the complexity, expense and likely duration of the litigation weighs heavily in favor of final approval of this settlement.

13. The Court finds that the notification provided for in the order preliminarily approving class settlement has been provided to the Class and that the notice provided to the Class constituted the best notice practicable under the circumstances, and was in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, the United States Constitution, and any other applicable law. The notice provided to the Class apprised the Class Members of the pendency of the litigation; of all material elements of the proposed settlement, including but not limited to the relief afforded the Class under the Agreement; of the res judicata effect on members of the Settlement Class and of their opportunity to object to, comment on, or opt-out of the settlement; of the identity of Settlement Class Counsel and of information necessary to contact Settlement Class Counsel; and of the right to appear at the Fairness Hearing. Full opportunity has been afforded to members of the Settlement Class to participate in this Fairness Hearing. Accordingly, the Court determines that all members of the Settlement Class are bound by this Order in accordance with the terms provided herein.

14. The Court holds that the notice provisions set forth under the Class Action Fairness Act, 28 U.S.C. § 1715, were complied with in this case.

15. The terms of the Agreement, this Final Order, and the Preliminary Approval Order shall be binding on the Parties and all Settlement Class Members, as well as their heirs, executors, administrators, and successors and shall have res judicata and other preclusive effect in all pending and future claims, lawsuits, or other proceedings maintained by or on behalf of any such persons.

16. Within thirty (30) days following the Effective Date, Travelers shall pay the Settlement Funds to be deposited in the Class Escrow Account.

17. The Court holds that the Class Escrow Account is approved in order that it may be a Qualified Settlement Fund for federal tax purposes pursuant to Treas. Reg. § 1.468B-1.

18. Having reviewed the submissions of Settlement Class Counsel, the Court finds that the sum of $425,000.00 is reasonable compensation for Settlement Class Counsel's attorneys' fees and expenses. Travelers shall pay this sum to Settlement Class Counsel within fifteen (15) days of the later of: (1) the Effective Date; or (2) receipt by Travelers' Counsel of Settlement Class Counsel's completed W-9 form.

19. Neither this Order nor the Agreement, nor any of its terms or provisions nor any of the negotiations or proceedings connected with it, shall be: (1) construed as an admission or concession by Travelers of the truth of any of the allegations in the Action, or of any liability, fault or wrongdoing of any kind; or (2) construed as an admission by Plaintiffs as to any lack of merit of the claims or this Action.

20. If the Effective Date, as defined in the Agreement, does not occur for any reason whatsoever, this Order and the Preliminary Approval Order shall be deemed vacated and shall have no force and effect whatsoever.

21.     If the Agreement is terminated, (a) the Agreement shall have no effect on the rights of the Parties or the Class Members to prosecute or defend any other action, and (b) subject expressly to the reservation and preservation of rights and defenses and all Parties and Class Members shall be restored to their respective positions immediately prior to the date the Parties signed the Agreement.  In such event, the Agreement and all negotiations, proceedings, documents prepared and statements made in connection herewith shall be without prejudice to the Parties, and shall not be deemed or construed to be an admission or confession by or against any Party of any fact, matter, or proposition of law.

22.     The Agreement, the evidence introduced at the preliminary hearing on the Joint Motion, or that may be introduced into evidence at the Final Approval Hearing, or in connection with any related motion, and all negotiations, proceedings, documents prepared and statements made in connection herewith, shall be without prejudice to Plaintiffs and Travelers, and shall not (i) be deemed or construed to be an admission or confession by or against any Party of any fact, matter, or proposition of law; (ii) constitute, be construed as, or be admissible as evidence of an admission by or against any person, including any of the Plaintiffs or Travelers, that this Action or any other proposed or certified class action, can be or is properly certified for trial or litigation purposes under Article 591, *et seq.,* of the Louisiana Code of Civil Procedure, Rule 23 of the Federal Rules of Civil Procedure, or any similar statute or rule; (iii) constitute, be construed, be offered, or received into evidence as an admission of the validity of any claim or defense, or the truth of any fact alleged or other allegation in the Action or in any other pending or subsequently filed action, or of any wrongdoing, fault, violation of law, or liability of any kind on the part of

Travelers, or (iv) be used to establish a waiver of any defense or right, or to establish or contest jurisdiction or venue.

23. If the Agreement becomes void or is terminated for any reason, any amounts then remaining in the Class Escrow Account shall be paid to Travelers within fifteen days of the event voiding the Agreement.

24. Prior to this Order and becoming final, the Agreement may, with approval of the Court, be modified by written agreement of Travelers' Counsel and Settlement Class Counsel in their discretion without giving any additional notice to the Class, provided that such modifications are not materially adverse to the Class.

25. Subsequent to this Order and a Final Judgment, the Agreement may, with approval of the Court, be modified by written agreement of Travelers' Counsel and Settlement Class Counsel in their discretion without giving any additional notice to the Class, provided that such modifications do not limit the rights of the Class Members under the Agreement.

26. Pursuant to the All Writs Act, 28 U.S.C. §1651, this Court shall retain the authority to issue any order necessary to protect its jurisdiction from any action, whether in state or federal court, that threatens to undermine the settlement in this case and this Final Order. The Court retains jurisdiction to implement and enforce the Agreement.

27. A separate Order and Judgment will issue with this Order Granting Final Approval of Class Action Settlement.

**IT IS SO ORDERED**.

New Orleans, Louisiana, this 9th day of August, 2013.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE