UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GLORIA ARTHUR, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE STANDARD FIRE INSURANCE COMPANY and THE TRAVELERS INDEMNITY COMPANY,<br><br>Defendants. | Civil Action No. 09-7332<br><br>Judge Carl J. Barbier<br>Mag. Joseph C. Wilkinson, Jr. |

**FINAL JUDGMENT GRANTING
APPROVAL OF CLASS ACTION SETTLEMENT AND
CERTIFYING THE CLASS FOR SETTLEMENT PURPOSES**

In accordance with the Court's Order Granting Final Approval Of Class Action Settlement And Certifying The Class For Settlement Purposes issued August 9, 2013,

**IT IS ORDERED, ADJUDGED, AND DECREED** that:

1.      The Court grants final approval to the Amended Settlement Agreement and Release dated December 13, 2012 (the "Agreement"), on file with the Court as Exhibit A to the Preliminary Approval and Notice Order filed January 17, 2013 (Rec. Doc. 61),[1] and approves the

---

[1] This Order incorporates by reference the definitions in the Agreement, and all capitalized terms used in this Judgment will have the same meanings as set forth in the Agreement, unless otherwise defined herein.

Agreement as being fair, adequate, and reasonable and in the best interests of the Class, satisfying Rule 23(e) and the fairness and adequacy factors of this Circuit.

2. The following class is certified under Federal Rules of Civil Procedure 23(a) and 23(b)(3), for settlement purposes only:

> All persons who sustained any loss or damage of any kind, arising in any way out of damage, destruction, or harm to property in the State of Louisiana related in any way to Hurricanes Katrina and/or Rita, and who, at the time of the loss, had any rights under a policy of insurance from Travelers.  Loss or damage includes but is not limited to: (1) loss or damage to real or personal property; (2) the incurring of additional living or business expenses; or (3) the loss of any business or other income.  The class excludes all persons, including the State of Louisiana as plaintiff in the Road Home Litigation, who have a suit pending against Travelers as of the date of the Preliminary Approval Order related in any way to losses stemming from Hurricanes Katrina and/or Rita.  The class also excludes class counsel, members of the judiciary, their administrative staff and any other personnel who may cause a member of the Louisiana bench to be unable to preside over this action.

3. The Court reconfirms the appointment of the Settlement Class Representative.

4. The Court reconfirms the appointment of Calvin C. Fayard Jr., N. Frank Elliot III, Frank C. Dudenhefer, Wanda Edwards, and Joseph M. Bruno as Settlement Class Counsel.

5. The Court appoints Rust Consulting, Inc. as Claims Administrator to distribute the Settlement Funds in accordance with the provisions in the Agreement.

6. The notification provided for in the order preliminarily approving class settlement has been provided to the Class and the notice provided to the Class constituted the best notice practicable under the circumstances, and was in full

compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, the United States Constitution, and any other applicable law. Therefore, all members of the Settlement Class are bound by this Judgment in accordance with the terms provided herein.

7. The notice provisions set forth under the Class Action Fairness Act, 28 U.S.C. § 1715, were complied with in this case.

8. The "Released Claims" (as defined below) of any and all Settlement Class Members are hereby **DISMISSED WITH PREJUDICE** against all "Released Entities" (as defined below):

> "Released Claims" means any and all known or unknown claims, demands, actions, suits, causes of action (under the common, or civil law, statutes, or regulations), damages whenever incurred whether compensatory or exemplary, liabilities of any nature or under any theory whatsoever, including costs, expenses, penalties and attorneys' fees, in law or equity, that any Releasor, whether or not they object to the settlement, ever had or now has, directly, representatively, derivatively or in any capacity, arising out of any conduct, events, or transactions of the Released Entities related in any way to any alleged damage, destruction, or harm to real or personal property, alleged additional living or business expenses, or alleged losses of business or other income in the State of Louisiana as a result of Hurricanes Katrina and/or Rita, including but not limited to claims for breach of contract, extracontractual damages, penalties, punitive damages, and/or attorneys fees under any legal theory, including, but not limited to La. Civ. Code Arts. 1997 and 1998, La. R.S. 22:1892 (previously codified at La. R.S. 22:658) and/or 22:1973 (previously codified at La. R.S. 22:1220).
>
> "Released Entities" means The Travelers Companies, Inc. and its present and former subsidiaries, affiliates, divisions, associates, agents, successors, predecessors, assignors, assignees, and/or assigns and each of their respective present, former or future, officers, directors, shareholders, agents and employees, including, but not limited to, the following companies: The Travelers Indemnity Company; The Charter Oak Fire Insurance Company; The Phoenix Insurance Company; The Travelers Indemnity Company of Connecticut; The Travelers Indemnity Company of America; Travelers Property Casualty Company of America; The Travelers Home and Marine Insurance Company; TravCo Insurance Company; Nipponkoa Insurance Company, Limited (U.S. Branch); Travelers Commercial Casualty

      Company; Travelers Casualty and Surety Company; The Standard Fire Insurance Company; The Automobile Insurance Company of Hartford, Connecticut; Travelers Casualty Insurance Company of America; Farmington Casualty Company; Travelers Casualty and Surety Company of America; Travelers Commercial Insurance Company; Travelers Casualty Company of Connecticut; Travelers Property Casualty Insurance Company; Select Insurance Company; Gulf Underwriters Insurance Company; Gulf Insurance Company; Commercial Guaranty Insurance Company; Travelers Excess and Surplus Lines Company; Athena Assurance Company; Discover Property & Casualty Insurance Company; Discover Specialty Insurance Company; Fidelity and Guaranty Insurance Company; Fidelity and Guaranty Insurance Underwriters, Inc.; Northland Casualty Company; Northland Insurance Company; St. Paul Insurance Company; St. Paul Fire and Marine Insurance Company; St. Paul Guardian Insurance Company; St. Paul Medical Liability Insurance Company; St. Paul Mercury Insurance Company; St. Paul Protective Insurance Company; United States Fidelity and Guaranty Company; American Equity Insurance Company; American Equity Specialty Insurance Company; Discover Specialty Insurance Company; Northfield Insurance Company; GeoVera Insurance Company; Seaboard Surety Company; American Continental Insurance Company; Atlantic Insurance Company; Titan Indemnity Company; USF&G Specialty Insurance Company; St. Paul Surplus Lines Insurance Company; St. Paul Fire and Casualty Insurance Company ; First Floridian Auto and Home Insurance Company; First Trenton Indemnity Company; The Premier Insurance Company of Massachusetts; The Travelers Lloyds Insurance Company; Travelers Lloyds of Texas Insurance Company ; Travelers Personal Insurance Company; and Travelers Personal Security Insurance Company.

      9.      Each Settlement Class Member, and all other persons and entities claiming by, through, or on behalf of, a Settlement Class Member, is hereby forever barred and enjoined from commencing, filing, initiating, instituting, prosecuting, maintaining, or consenting to any action against the Released Entities with respect to the Released Claims and forever discharge and hold harmless the Released Entities of and from any and all Released Claims which the Settlement Class Member has or may hereafter have.

      10.      The terms of the Agreement, the Final Order, and Final Judgment, and the Preliminary Approval Order shall be binding on the Parties and all Settlement Class Members, as well as their heirs, executors, administrators, and successors and shall have res judicata and other preclusive effect in all pending and future claims, lawsuits, or other proceedings maintained by or on behalf of any such persons.

11. The Class Escrow Account is approved as a Qualified Settlement Fund for federal tax purposes pursuant to Treas. Reg. § 1.468B-1.

12. The Court retains jurisdiction to implement and enforce the Agreement and this Judgment.

13. Pursuant to the All Writs Act, 28 U.S.C. §1651, the Court also retains the authority to issue any order necessary to protect its jurisdiction from any action, whether in state or federal court, that threatens to undermine the settlement in this case and this Judgment.

**IT IS SO ORDERED**.

New Orleans, Louisiana, this 9th day of August, 2013.

_____
CARL J. BARBIER
UNITED STATES DISTRICT COURT